UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TIMOTHY M. JACKSON,

        Petitioner,

v.                                      CASE NO. 04-CV-72836-DT
                                        HONORABLE BERNARD A. FRIEDMAN

THOMAS BIRKETT,

        Respondent.
_____/

## OPINION AND ORDER. DENYING HABEAS CORPUS PETITION

Petitioner Timothy M. Jackson has filed a *pro se* application for the writ of habeas corpus. The habeas petition challenges Petitioner's forty-one convictions for burning a dwelling house or its contents. The grounds for relief are that (1) trial counsel was ineffective during plea negotiations and (2) Petitioner was improperly convicted of multiple convictions for setting one fire. The Court has concluded that, although Petitioner's claim about his trial attorney presents a close issue, the habeas petition must be DENIED.

### I. Background

Petitioner was arraigned in Genesee County Circuit Court on forty-one counts of burning a dwelling house, MICH. COMP. LAWS § 750.72. The charges arose from the burning of forty-one occupied apartments in Burton, Michigan. As explained by the Michigan Court of Appeals,

        Defendant set a fire in his estranged wife's apartment unit. In a statement
to the police, defendant said that he set a sweater on fire, and the fire burned out
of control. According to arson investigators, however, evidence consistent with
the use of accelerants was discovered in numerous locations throughout the
apartment unit, although the accelerants themselves had probably been consumed
by the fire. Fueled by high winds, the fire spread to forty-one units of the

apartment complex.

*See People v. Jackson*, No. 240732 (Mich. Ct. App. Oct. 7, 2003).

On the date set for trial, Petitioner acknowledged his two prior felony convictions and pleaded no contest, as charged, to forty-one counts of arson of a dwelling house. The plea bargain called for a minimum sentence of no more than six and a half years in prison and a maximum sentence set by the trial court.[1]

After further review of the case, the trial court informed Petitioner that it would have to impose a minimum sentence of ten years in prison. The court gave Petitioner the option of accepting a minimum sentence of ten years in prison or proceeding to trial. Petitioner chose to withdraw his no-contest plea and to go to trial.

---

[1] The Michigan Supreme Court authorized this type of plea and sentencing agreement in *People v. Cobbs*, 443 Mich. 276; 505 N.W.2d 208 (1993), where the court stated:

> At the request of a party, and not on the judge's own initiative, a judge may state *on the record* the length of sentence that, on the basis of the information then available to the judge, appears to be appropriate for the charged offense.
>
> To avoid the potential for coercion, a judge must not state or imply alternative sentencing possibilities on the basis of future procedural choices, such as an exercise of the defendant's right to trial by jury or by the court.
>
> The judge's preliminary evaluation of the case does not bind the judge's sentencing discretion, since additional facts may emerge during later proceedings, in the presentence report, through the allocution afforded to the prosecutor and the victim, or from other sources. However, a defendant who pleads guilty or nolo contendere in reliance upon a judge's preliminary evaluation with regard to an appropriate sentence has an absolute right to withdraw the plea if the judge later determines that the sentence must exceed the preliminary evaluation.

*Cobbs,* 443 Mich. at 283; 505 N.W.2d at 212 (footnote omitted) (emphasis in original).

The defense theory was that Petitioner was guilty, at most, of burning personal property. However, after lengthy discussions on the issue, the trial court refused to give a jury instruction on burning personal property as a lesser-included offense of burning a dwelling house. Although the court did instruct the jury on the lesser-included offense of preparation to burn, the jury found Petitioner guilty, as charged, of forty-one counts of burning a dwelling house or its contents.

The trial court sentenced Petitioner as a habitual offender to concurrent terms of fifteen to forty years in prison for each count. Petitioner moved for re-sentencing on the ground that he was denied effective assistance of trial counsel. The trial court held an evidentiary hearing on Petitioner's motion, but declined to re-sentence Petitioner or to grant any other relief.

Petitioner raised his habeas claims on direct appeal from his convictions and sentence. The Michigan Court of Appeals affirmed his convictions and sentence in an unpublished *per curiam* opinion. *See Jackson*, Mich. Ct. App. No. 240732. On April 15, 2004, the Michigan Supreme Court denied leave to appeal. *See People v. Jackson*, 469 Mich. 1045; 679 N.W.2d 69 (2004) (table).[2]

Petitioner signed and dated his habeas corpus petition on June 14, 2004. Respondent urges the Court through counsel to deny the petition.

## II. Standard of Review

Petitioner is not entitled to the writ of habeas corpus unless he can show that the state court's adjudication of his claims on the merits–

(1) resulted in a decision that was contrary to, or involved an unreasonable

---

[2] Justice Marilyn Kelly voted to grant leave to appeal.

3

application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

A state court's decision is "contrary to" clearly established federal law "if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts." *Williams v. Taylor*, 529 U.S. 362, 412-13 (2000) (Justice O'Connor's majority opinion on Part II). A state court's decision is an "unreasonable application of" clearly established federal law "if the state court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id*. at 413. "Avoiding these pitfalls does not require citation of [Supreme Court] cases – indeed, it does not even require *awareness* of [Supreme Court] cases, so long as neither the reasoning nor the result of the state-court decision contradicts them." *Early v. Packer*, 537 U.S. 3, 8 (2002) (*per curiam* opinion) (emphasis in original). "Furthermore, state findings of fact are presumed to be correct unless the defendant can rebut the presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1)." *Baze v. Parker*, 371 F.3d 310, 318 (6th Cir. 2004), *cert. denied*, 544 U.S. 931 (2005).

### III. Discussion

#### A. Trial Counsel

Petitioner alleges that his trial attorney provided incorrect legal advice, which caused him to withdraw his no-contest plea, to reject a revised offer to plead no contest, and to proceed to

trial. He ultimately received a longer sentence than the one that he would have received if he had pleaded no contest to the revised plea offer.

According to Petitioner, his attorney advised him that (1) there was a good chance he would be convicted of burning personal property, which carried a less severe penalty, and (2) he had nothing to lose by going to trial, because the trial court would not sentence him to a minimum sentence of more than ten years. Petitioner asserts that his attorney should have advised him that the trial court could not instruct the jury on burning personal property and that he likely would be convicted as charged because of his pretrial admission that he started a fire in his wife's apartment.

### 1. Legal Framework

#### a. *Strickland v. Washington* and *Hill v. Lockhart*

The Supreme Court's decision in *Strickland v. Washington*, 466 U.S. 668 (1984), "qualifies as 'clearly established Federal law'" for purposes of evaluating ineffective-assistance-of-counsel claims. *Williams v. Taylor*, 529 U.S. at 391. Pursuant to *Strickland*, Petitioner must demonstrate that defense counsel's performance was deficient and that the deficient performance prejudiced the defense. *Strickland*, 466 U.S. at 687. "[T]he proper standard for attorney performance is that of reasonably effective assistance." *Id*. Petitioner "must show that counsel's representation fell below an objective standard of reasonableness." *Id*. at 688. "Because of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" *Id*. at 689 (quoting *Michel v. Louisiana*, 350 U.S.

91, 101 (1955)).  The prejudice prong of the Strickland test requires showing "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id*. at 694.

To demonstrate ineffective assistance of counsel in the context of a guilty plea, a habeas petitioner must show that his attorney's representation fell below an objective standard of reasonableness or outside the range of competence demanded of attorneys in criminal cases. *Hill v. Lockhart*, 474 U.S. 52, 56-59 (1985).  The prejudice prong of the two-part test for ineffectiveness during plea proceedings focuses on whether defense counsel's constitutionally ineffective performance affected the outcome of the plea process. *Id.* at 59.  When the petitioner's claim is that defense counsel's faulty advice led the petitioner to reject a plea bargain and go to trial, the petitioner must establish that (1) his attorney's performance was deficient and (2) there is a reasonable probability that, but for his attorney's advice, he would have accepted the plea offer. *Magana v. Hofbauer*, 263 F.3d 542, 547, 550 (6th Cir. 2001); *Turner v. Tennessee*, 858 F.2d 1201, 1206 (6th Cir. 1988).

### b. Arson of a Dwelling House and Burning Personal Property

To understand Petitioner's claim, a review of the relevant statutes is necessary.  The statute on burning a dwelling house reads:

> Any person who wilfully or maliciously burns any dwelling house, either occupied or unoccupied, or the contents thereof, whether owned by himself or another, or any building within the curtilage of such dwelling house, or the contents thereof, shall be guilty of a felony, punishable by imprisonment in the state prison not more than 20 years.

MICH. COMP. LAWS § 750.72.  The relevant portion of the statute on burning personal property reads:

> A person who willfully and maliciously burns any personal property, other than personal property specified in [MICH. COMP. LAWS § 750.72 or MICH. COMP. LAWS § 750.73] owned by himself or herself or another person is guilty of a crime as follows:
>
> > (a) If the value of the personal property burned or intended to be burned is less than $200.00, the person is guilty of a misdemeanor punishable by imprisonment for not more than 93 days or a fine of not more than $500.00 or 3 times the value of the personal property burned or intended to be burned, whichever is greater, or both imprisonment and a fine.

MICH. COMP. LAWS § 750.74(1)(a) (footnote omitted).

### 2. The State Court Proceedings

Defense counsel's position at trial was that the word "contents" in the statute on burning a dwelling house meant things permanently attached to the dwelling house. Because the sweater that Petitioner admittedly set on fire was not permanently attached to his wife's apartment, defense counsel maintained that the sweater was not a content of the dwelling. Accordingly, defense counsel argued that Petitioner was entitled to a jury instruction on burning personal property as a lesser-included offense to burning a dwelling house or its contents.

The trial court declined to instruct the jury on burning personal property because the statute on burning personal property (MICH. COMP. LAWS § 750.74) excludes personal property specified in the statute on burning a dwelling house or its contents. The trial court reasoned that the sweater Petitioner admittedly burned was a content of his wife's apartment and, therefore, the statute on personal property did not apply.

Following trial, the trial court held an evidentiary hearing on Petitioner's motion for re-sentencing. The motion alleged that defense counsel's advice to withdraw the no-contest plea constituted ineffective assistance. Both Petitioner and his trial attorney testified at the hearing. At the conclusion of the hearing, the trial court opined that Petitioner and his attorney had a

"pretty good" strategy and that a different jury might have bought it. The court nevertheless concluded that the sentence was valid. The court ruled as follows:

> The Court has not found that [defense counsel's] actions, advice, and strategy in this case were ineffective. It was a strategy call between counsel and client, and sometimes strategies work and sometimes they don't.
>
> It was not an invalid strategy call.
>
> I think [defense counsel] fully advised the client based on everything he knew, and he tried the case vigorously.
>
> He's a good lawyer, and he showed that in this -- this case. He worked at it hard.
>
> He was enthusiastic for you, too, Mr. Jackson. You know he was. He was not ineffective in his assistance as counsel.

(Tr. Dec. 6, 2002, at 8.)

The Michigan Court of Appeals found no error in the trial court's decision. The appellate court noted that Petitioner had hoped to benefit from a jury nullification strategy in order to be fully acquitted on the charges. The court of appeals went on to say that

> [t]he record does not factually support defendant's claim that his decision to withdraw and then later forgo the option of reinstating his plea was the result of erroneous advice. The record indicates that defendant was presented with various choices and ultimately opted to proceed with trial in the hope that his nullification strategy would be successful.

*Jackson*, Mich. Ct. App. No. 240732, at 3. The court of appeals concluded that trial counsel's performance was not so deficient that it deprived Petitioner of effective assistance of counsel.

### 3. Analysis

#### a. Deficient Performance

Defense counsel testified at the evidentiary hearing that he told Petitioner the trial court would be hard pressed to give Petitioner more than ten years in prison if he went to trial because the court had already read the victims' letters. Thus, according to defense counsel, Petitioner had nothing to lose by going to trial.

The defense theory, however, was that Petitioner set his wife's sweater on fire and then stomped out the fire without intending to burn a dwelling house or to do any other damage. Defense counsel maintained that Petitioner was guilty of one count of burning personal property.

The problem with this theory was that one is guilty of burning personal property only if the burned property was personal property *other than* property in a dwelling house. Petitioner admitted in his statement to the police that he set his wife's sweater on fire in her apartment. Because the sweater was a content of the dwelling, there was no support for defense counsel's theory that Petitioner was guilty of burning personal property and not guilty of burning a dwelling house or its contents.

Defense counsel maintained that "contents" means something permanently attached to the dwelling house, and because the sweater was not permanently attached to the apartment, it was not covered by the statute on burning a dwelling house or its contents. Thus, according to him, Petitioner could be convicted of burning personal property. However, there was no legal support for this position. In fact, an decision pointed out to defense counsel at trial suggests that a victim's clothing is a content of the dwelling house for purposes of the statute on burning a dwelling house. *See People v. Williams*, No. 187416, 1997 WL 33343968 (Mich. Ct. App. Sept. 9, 1997) (unpublished opinion).

9

There also was no support for defense counsel's argument that Petitioner was not guilty of burning a dwelling house simply because he did not intend to burn the apartment building. "Proof of common-law arson does not require a specific intent to cause injury to a particular person or damage to particular property." *People v. Nowack*, 462 Mich. 392, 409; 614 N.W.2d 78, 86 (2000). The prosecutor merely had to establish that Petitioner intended to start a fire. *Id.* This element was established through Petitioner's statement to the police that he set his wife's sweater on fire. Although defense counsel relied on standard jury instructions which indicate that arson is a specific intent crime,[3] the Michigan Supreme Court stated in *Nowack* that the jury instruction for burning a dwelling house is incorrect because it creates an elevated intent requirement not found in the common law. *See id.*, 462 Mich. at 402 n.1 and 405; 614 N.W.2d at 82 n.1 and 84.

The Court concludes that defense counsel did not have a viable or sound defense strategy. He operated under a misunderstanding of the law. He also claimed that Petitioner had nothing to lose by going to trial, but the trial court made no promises about the sentence that it would impose if Petitioner were convicted following trial. Nor do the plea and trial transcripts reflect a promise to hold the plea offer open during trial, as defense counsel claimed at the post-conviction evidentiary hearing. Defense counsel's advice to Petitioner amounted to deficient performance.

---

[3] *See* Michigan Criminal Jury Instructions 31.2 (burning a dwelling house) and 31.4 (burning personal property) and their use notes.

### b. Prejudice

The remaining question is whether defense counsel's advice prejudiced Petitioner. Petitioner must demonstrate that, but for defense counsel's advice, he would have accepted the State's revised offer to plead no-contest in return for a minimum sentence of at least ten years. When "the question turns on the motivation of the defendant -- that is, what would the defendant have done if supplied with accurate information -- the amount of objective evidence will quite understandably be sparse." *Lewandowski v. Makel*, 949 F.2d 884, 889 (6th Cir. 1991). The Court believes for the following reasons that Petitioner would not have pleaded no contest for a ten-year minimum sentence even if his attorney had not stated that he had a good chance of being convicted of burning personal property and that he had nothing to lose by going to trial.

First, Petitioner claimed at the evidentiary hearing that all he did was set a sweater on fire. He apparently believed he was innocent of the charged crime (burning a dwelling house or its contents). He also stated at the hearing that being found guilty of the lesser offense of burning personal property was of "great importance" to him. These assertions suggest that Petitioner wanted to stand trial and be vindicated, as opposed to pleading no contest. *Cf. Humphress v. United States*, 398 F.3d 855, 859 (6th Cir.) (stating that the defendant's assertions of innocence at trial and at the evidentiary hearing lent additional support to the district court's conclusion that the defendant would not have pleaded guilty), *cert. denied*, __ U.S. __, __, 126 S. Ct. 199 (2005).    Second, Petitioner chose to withdraw his no-contest plea and go to trial despite being informed by the trial court of the potential for lengthy minimum and maximum sentences. He claimed at the evidentiary hearing that he thought he had nothing to lose by going to trial because he would get ten years even if he lost the case. He also claimed that he would

have taken the ten-year sentence if he had known he was facing a greater sentence. However, the trial court previously informed Petitioner that the maximum sentence could be as much as forty years because Petitioner was a repeat felony offender. (Tr. Oct. 31, 2001, at 8, 14-15.) The trial court also informed Petitioner that the sentencing guidelines called for a minimum sentence of 87 to 217 months in prison, or "almost double what [the court] propose[d] as a sentence." (Tr. Dec. 5, 2001, at 8.) Thus, Petitioner was advised of the risks of not accepting the revised plea offer.

Petitioner conceded at the evidentiary hearing that he took a risk by going to trial and that it was his decision to do so after talking with his attorney. He claimed that nobody had twisted his arm to make him proceed to trial, and he admitted that his attorney did not guarantee a minimum sentence of ten years. Petitioner's trial attorney testified at the hearing that he would have preferred not to try the case, but that he had presented Petitioner with options and instructed him to do whatever he wanted to do.

Third, defense counsel testified that, even after the trial court refused to give a jury instruction on burning personal property, he offered to work out a plea agreement. Petitioner, however, wanted the case to go to the jury, and, according to defense counsel, Petitioner was very happy with the way the case went to the jury.

Petitioner has failed to establish a reasonable probability that, but for his attorney's deficient advice in connection with plea negotiations, he would have pleaded no contest to burning a dwelling house in return for a ten-year minimum sentence. Therefore, Petitioner has not demonstrated the prejudice component of his ineffectiveness claim.

### 4. Conclusion on Ineffectiveness Claim

The alleged ineffectiveness of Petitioner's trial attorney did not reach the level needed to satisfy the *Strickland* test. Consequently, the state court's conclusion that Petitioner was not denied effective assistance of counsel was not objectively unreasonable.

### B. Multiple Convictions for One Fire

The second and final habeas claim alleges that Petitioner was improperly convicted multiple times for setting a single fire. Petitioner argues that, where a person sets a single fire, which damages more than one dwelling, the arson statute contemplates a single offense. Consequently, he maintains that he should have been convicted of a single act of burning a dwelling house. He seeks to have forty of his arson convictions vacated and to be re-sentenced on the basis of one arson conviction. The Michigan Court of Appeals adjudicated Petitioner's claim on the merits and concluded that Petitioner was properly convicted of forty-one counts of arson for a single fire that destroyed forty-one apartments.

Petitioner has styled his claim as a violation of state law. "[F]ederal habeas corpus relief does not lie for errors of state law." *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990); *accord Pulley v. Harris,* 465 U.S. 37, 41 (1984); *Austin v. Jackson*, 213 F.3d 298, 300 (6th Cir. 2000). "In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States. 28 U.S.C. § 2241; *Rose v. Hodges*, 423 U.S. 19, 21 (1975) (per curiam )." *Estelle v. McGuire*, 502 U.S. 62, 68 (1991).

### 1. Double Jeopardy

Even assuming Petitioner's claim implicates the Double Jeopardy Clause, the constitutional claim has no merit. The Double Jeopardy Clause of the Fifth Amendment to the

United States Constitution provides that "[n]o person shall . . . be subject for the same offence to be twice put in jeopardy of life or limb. . . ." U.S. CONST. amend. V.  The Clause "is applicable to the States through the Fourteenth Amendment," *Benton v. Maryland*, 395 U.S. 784, 787 (1969), and "[i]t protects against a second prosecution for the same offense after acquittal, against a second prosecution for the same offense after conviction, and against multiple punishments for the same offense."  *Justices of Boston Mun. Ct. v. Lydon*, 466 U.S. 294, 306-07 (1984).  This case involves the protection against cumulative punishments, which

> is designed to ensure that the sentencing discretion of courts is confined to the limits established by the legislature.  Because the substantive power to prescribe crimes and determine punishments is vested with the legislature, the question under the Double Jeopardy Clause whether punishments are 'multiple' is essentially one of legislative intent.

*Ohio v. Johnson*, 467 U.S. 493, 499 (1984) (citations omitted).

## 2.  Unit of Prosecution

The question is what is "the allowable unit of prosecution," *Bell v. United States,* 349 U.S. 81, 81 (1955) (quoting *United States v. Universal C.I.T. Credit Corp.*, 344 U.S. 218, 221 (1952)), or "what constitutes a single crime or offense under a particular statute."  *People v. Wakeford*, 418 Mich. 95, 107; 341 N.W.2d 68, 73 (1983).  More specifically, "[t]he question is whether the proper unit of prosecution is the number of fires set by [the] defendant or the number of dwellings burned."  *People v. Barber*, 255 Mich. App. 288, 293; 659 N.W.2d 674, 678 (2003). The answer to this question depends on the language of the statute, for it is up to the legislature, not the courts, to determine what constitutes a single offense.  *Wakeford*, 418 Mich. at 111; 341 N.W.2d at 75.

As previously noted, the statute on burning a dwelling house or its contents reads:

> Any person who wilfully or maliciously burns any dwelling house, either occupied or unoccupied, or the contents thereof, whether owned by himself or another, or any building within the curtilage of such dwelling house, or the contents thereof, shall be guilty of a felony, punishable by imprisonment in the state prison not more than 20 years.

MICH. COMP. LAWS § 750.72. The focus of the statute is to prevent the burning of dwelling houses, and not merely to proscribe fires; therefore, the proper unit of prosecution for arson of a dwelling house is each separate dwelling. *Barber*, 255 Mich. App. at 295; 659 N.W.2d at 679.

The state legislative intent clearly is multiple convictions and punishments for a single fire that burns multiple structures. Consequently, Petitioner's forty-one convictions for burning a dwelling house do not offend the Double Jeopardy Clause.

## IV. Conclusion

The state court's decision was not contrary to or an unreasonable application of, Supreme Court precedent. Accordingly, the petition for writ of habeas corpus is DENIED.

    s/Bernard A. Friedman
    BERNARD A. FRIEDMAN
    CHIEF UNITED STATES DISTRICT JUDGE

Dated: December 4, 2006